### BEN JONES v. THE STATE.

No. 3343.  Decided December 2, 1914.

**Theft of Cattle—Sufficiency of the Evidence—Original Taking.**

Where, upon trial of theft of cattle, the defendant contended that he did not participate in the original taking, and the court submitted this issue to the jury, and the evidence was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Cherokee. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of cattle theft, and his punishment assessed at two years confinement in the penitentiary.

There were only two questions presented in the motion for new trial, and the only bill of exceptions reserved was to the action of the court overruling said motion. No exception was taken to the charge. There are two theories presented by the testimony: That for the State was to the effect that defendant either by himself or in conjunction with his father committed the theft. That for the defendant is, that the witness Bud Henry committed the theft. Henry testified for the State, that appellant employed him to assist him in taking the animal from appellant's house to Dialville, where the animal was sold. Upon reaching that point Henry proposed to sell the animal to Mr. Spivey. Spivey offered to purchase provided Henry would let the value of the animal go on an indebtedness due from Henry to Spivey. This Henry declined; said he wanted the money with which, among other things, to purchase fertilizer. Appellant was with Henry at the time and heard this conversation. They left the store, but later returned. Appellant then offered to sell the animal to Spivey. Spivey offered to give $9.50 instead of $10 asked. Appellant agreed to take this. Spivey sold the animal to another gentleman in the town for $10, took the check in his

own name, collected the $10 and paid appellant $9.50, reserving 50 cents. Appellant and Henry then left town. Appellant says he gave Henry the $9.50, out of which Henry paid him a dollar for his assistance. Appellant's testimony is to the effect that Henry had the animal and came by his house with it and employed him, paying him a dollar to assist him, Henry, in carrying the animal to Dialville, where the sale occurred, and that when he received the $9.50 he turned it over to Henry, who paid him one dollar for his services. Henry also testified that appellant employed him, and that when he went to appellant's house with a view of assisting him in carrying the animal to Dialville, it was in the "lot" of appellant's father; that they carried it to Dialville, where it was sold. There is evidence rather tending to show that appellant knew the animal before it was carried to Dialville. It is unnecessary to go into further details.

The issue was squarely presented of appellant's connection with the taking as well as the disposition of the animal. Appellant's contention is that Henry stole the animal and he assisted him in driving it to Dialville. This, of course, would not make appellant guilty of theft, unless he was connected with the original taking. He denies taking the animal, and swore that Henry did. The testimony is circumstantial showing his connection with the original taking inasmuch as Henry does not connect him directly with the original taking, but only with the possession at the time Henry became connected with it. Of course, someone may have taken it beforehand and turned it over to appellant, if Henry's testimony is correct as to finding appellant in possession. The court submitted these matters to the jury to the satisfaction, we suppose, of appellant, as there were no exceptions reserved to the charge. Among other things the court instructed the jury they could not convict appellant unless he was connected with the original taking as a principal. He also instructed the jury as to the relation of Henry to the transaction as that of an accomplice. While the evidence as to the taking is circumstantial, yet in view of all the facts we are of opinion that the verdict is warranted by the facts.

The sufficiency of the evidence being the only question presented, we are of opinion that we would not be justified in reversing the judgment for this reason, therefore it is affirmed.

*Affirmed.*